IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES W. SMITH | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 02-CV-3683 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| PHILADELPHIA PRISONS SYSTEM, | : | |
| THOMAS COSTELLO, and | : | |
| EARL HATCHER | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT**

Defendants City of Philadelphia, Philadelphia Prison System[1], Thomas Costello, and Earl Hatcher (hereinafter "defendants") submit this Memorandum of Law in support of their Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**STATEMENT OF FACTS**[2]

The following statement of facts is taken from the Opinion of the Civil Service Commission ("Commission") dated January 19, 2001. See Exhibit "A."[3]  Plaintiff was separated

---

[1] Because municipal agencies of the City of Philadelphia do not maintain a separate corporate existence, "all suits growing out of their transactions . . . shall be in the name of the City of Philadelphia." 53 P.S. §16257. Accordingly, federal and state courts routinely dismiss civil lawsuits that name as defendants individual City agencies. See, e.g., Lynch v. City of Philadelphia, 2001 WL 752641, *1 (E.D. Pa. June 29, 2001) (dismissing complaint against Philadelphia Police Department ("PPD")); Zamichieli v. Stott, 1999 WL 447311, *3 (E.D. Pa. July 1, 1999) (same); Lumumba v. Philadelphia Dept. of Human Services, 1999 WL 345501, *4 (May 21, 1999) (dismissing complaint against Philadelphia Department of Human Services ("DHS")).
[2] For purposes of the instant motion to dismiss, the facts alleged in plaintiff's Complaint are deemed true. See Conley v. Gibson, 355 U.S. 41, 45 – 46 (1957).
[3] Defendants submit that the Court may take judicial notice of this public document generated by the Civil Service Commission. If the Court refuses to take judicial notice of this document, defendants respectfully request that the

from his employment with defendants on June 9, 2000, for failure to return to work following expiration of a leave of absence. Id.

Plaintiff first requested a leave of absence pursuant to the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 et seq., on March 19, 2000. See Exhibit "A." This initial request was refused because plaintiff requested FMLA leave for a circumstance not covered by the FMLA. Id. Plaintiff next requested an FMLA leave on April 4, 2000, to care for his mother. Id. This request was approved by defendants effective April 8, 2000 to May 28, 2000. Id. However, because plaintiff failed to provide certain medical documentation, and because the documentation that plaintiff submitted contained a physician's notation that FMLA was not applicable, defendants denied plaintiff's FMLA request. Id.

On April 12, 2000, plaintiff was informed that his request for FMLA leave was denied and that plaintiff must report to work on May 18, 2000. See Exhibit "A." On May 17, 2000, one day before plaintiff's return to work, plaintiff requested an additional three-week leave of absence to handle his grandmother's estate, and plaintiff had been detained by the Philadelphia Police. Id. Defendants denied this request. Id.

On May 18, 2000, plaintiff reported for duty, but was instructed by defendants to report to the Internal Affairs Division ("IAD") building for an interview concerning plaintiff's arrest. See Exhibit "A." When plaintiff arrived at IAD, he was very argumentative and an interview could not be conducted. Id. Because of plaintiff's behavior, plaintiff was instructed to return to work that day, but plaintiff refused. Id.

Thereafter, instead of reporting to work as instructed, plaintiff instead left the work site and went to JFK Hospital complaining of stress and a panic attack. See Exhibit "A." Plaintiff

---

Court consider the instant motion to dismiss to be a motion for summary judgment. See Federal Rule of Civil Procedure Rule 12(b).

claimed to have notified his immediate supervisor that he was receiving medical attention for this illness. Id. Plaintiff further claimed that he submitted notes to defendants that indicated that plaintiff was seen by a psychologist and not able to return to work. Id. However, defendants testified at the Commission hearing that the notes were never submitted to defendants. Id.

On January 19, 2001, the Commission issued an Opinion regarding plaintiff's separation. The Commission specifically held that:

> "[t]he decision to grant or deny a leave of absence or an extension is within management's authority/discretion. We will not overrule such a determination absent proof of an abuse of this broad power by management. In this case, the appellant had been granted FMLA time for personal reasons in March 2000 and April 2000 and had been prohibited from entering the facility because of what management termed disruptive behavior . . . these decisions were totally within management's control and obviously they decided not to grant the time appellant requested. We will not second-guess the Department under these circumstances. There are certain standards by which we review an exercise of discretion, including the employee's work record, length of service, previous leaves, ability to return to work at his/her former job, etc."

See Exhibit "A." Accordingly, relying upon the record of evidence provided to the Commission at the hearing, the Commission found that plaintiff failed to meet his burden of proof and that management had acted properly in separating plaintiff from employment. Id.

Thereafter, plaintiff filed an appeal of the Commission's decision to the Philadelphia County Court of Common Pleas. On August 28, 2001, the Honorable Flora Barth Wolf issued an Order dismissing plaintiff's appeal, and rendering a decision in favor of defendants. See Exhibit "B."

On June 21, 2002, plaintiff filed a complaint in the above captioned matter. Plaintiff alleges that defendants violated his rights under the Family and Medical Leave Act. See Complaint at ¶ 3.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the allegations contained in the complaint." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); see generally Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Jenkins v. McKiethen, 395 U.S. 411, 421-22 (1969); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court must determine "whether 'the facts alleged in the complaint, even if true, fail to support the [plaintiff's] claim.'" Kost, 1 F.3d at 183 (quoting Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988)). In order to defeat the motion, the complaint must "'set forth sufficient information to outline the elements of [plaintiff's] claim or to permit inferences to be drawn that these elements exist.'" Kost, 1 F.3d at 183 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1357, at 340 (2d ed. 1990)). However, "[t]he court must only consider those facts alleged in the complaint in considering [the] motion." White v. City of Philadelphia, 118 F. Supp. 2d 564, 567 (E.D. Pa. 2000) (citing ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994)).

**ARGUMENT**

 **I.** **Plaintiff's Complaint must be Dismissed Because Plaintiff Failed to State a Claim for Violation of the FMLA within the Applicable Statute of Limitations**

Plaintiff's complaint appears to allege that defendants improperly interfered with his right to take medical leave pursuant to the FMLA, 29 U.S.C. § 2615(a)(1). Specifically, § 2615(a)(1) provides, "[I]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). Plaintiff alleges that he "[w]as not allowed to do FMLA." See Complaint at ¶ 3.

Generally, a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss. Shannon v. City of Philadelphia, 1999 WL 126097, at *4 (E.D.Pa. Mar. 5, 1999). However, "an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." Id; (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391 (3d Cir. 1994)).

The FMLA requires a plaintiff to file suit "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." Caucci v. Prison Health Services, Inc., 153 F.Supp.2d 605, 609 (E.D.Pa. 2001); 29 U.S.C.A. § 2617(c)(1). A claim must normally be brought under the FMLA within two years. However, for willful misconduct, the statute of limitations is three years. Id; see also Mumford v. PECO Energy Co., 2002 WL 818858, at *2 (E.D.Pa. April 29, 2002); Shannon, 1999 WL 126097, at *4 (E.D.Pa. Mar. 5, 1999); 29 U.S.C. § 2617(c)(1). "To successfully allege a willful violation of the FMLA, the plaintiff must show that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Caucci, 153 F.Supp.2d at 609. The statute of limitations for a claim under the FMLA begins to run "the date of the last event constituting the alleged violation for which the action is brought." Shannon, 1999 WL 126097, at *4.

In the instant matter, plaintiff does not allege that defendants committed willful misconduct, nor does plaintiff allege that defendants "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Caucci, 153 F.Supp.2d at 609. Thus, the two-year statute of limitation applies.

Further, the complaint in the instant matter "facially shows noncompliance with the limitations period." Shannon, 1999 WL 126097, at *4. On April 12, 2000, plaintiff was

informed that his request for FMLA leave was denied and that plaintiff must report to work on May 18, 2000.  See Exhibit "A."  Plaintiff alleges that in June of 2000, he was "[n]ot allowed to do FMLA."  See Complaint at ¶ 3.  In fact, plaintiff was separated from his employment with defendants effective June 9, 2000.  See Exhibit "A."  Plaintiff filed the instant action on June 21, 2002.  See Complaint.

Thus, the statute of limitations in the instant matter began to run on the date plaintiff's request for FMLA was denied; April 12, 2000.  Shannon, 1999 WL 126097, at * 4.  Plaintiff had until April 12, 2002, to file a complaint for violation of the FMLA, but failed to do so.  Moreover, even if the statute of limitations began to run on the date plaintiff was separated from employment, plaintiff has still failed to file within the appropriate time.  Plaintiff was separated from employment on June 9, 2000.  Plaintiff filed his complaint in the instant action on June 21, 2002.  Thus, under any circumstances, plaintiff has failed to file a claim for violation of the FMLA within the applicable statute of limitations.  Accordingly, the instant matter should be dismissed in its entirety with prejudice.

## II.    Plaintiff is Collaterally Estopped from Asserting an FMLA Claim

Assuming, arguendo, that plaintiff had filed the instant action within the appropriate statute of limitations, plaintiff would still be collaterally estopped from asserting an FMLA claim.  Any prior adjudication of an issue that is accorded conclusive effect is a final judgment for the purposes of issue preclusion or collateral estoppel.  See Restatement (Second) of Judgments § 1 (1982).  Under Pennsylvania law, administrative findings *do* trigger the doctrine of issue preclusion.  "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the court will not hesitate to apply res judicata principles."  Phila. Elec. Co. v Borough of

Landsdale, 283 Pa. Super. 378, 424 A.2d 514, 521 (1981) (citing U.S. v Utah Constr. & Mining Co., 384 U.S. 3894 (1966)).  See also Kremer v Chem. Constr. Corp., 456 U.S. 461, 476–78 (1982) (applying the Federal Full Faith and Credit Act, 28 U.S.C. § 1738, to preclude a federal court from reviewing a state court's review of an administrative determination).  Issue preclusion bars relitigation only of an issue identical to that adjudicated in the prior action.  See Restatement (Second) of Judgments § 13 (1982).

Issue preclusion is appropriately invoked if:  (i) the issue decided in the prior administrative adjudication is identical with the one presented in the present judicial action;[4] (ii) there was a final administrative judgment on the merits; (iii) the party against whom issue preclusion is asserted was a party to the prior adjudication; and (iv) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in a prior administrative adjudication.  See Gregory v Chehi, 843 F.2d 111, (3rd Cir. 1988) (quoting Safeguard Mutual Insurance Co. v. Williams, 463 Pa. 567, 574 (1975)); Restatement (Second) of Judgments § 27 (1982).[5]  Thus, defendants may preclude an FMLA action under the doctrine of collateral estoppel based on the Commission's finding that plaintiff failed to meet his burden of proof and that management had acted properly in separating plaintiff from employment.  See Exhibit "A."

The instant matter clearly meets all four requirements.  Plaintiff's present claim of violation of the FMLA does not embody any different issues or rights from that which he averred before the Commission.  See Exhibits "A" and "B."  There was a final judgment by the Commission and the Philadelphia Court of Common Pleas.  Id.  The plaintiff was a party at the

---

[4] A more accurate determination of whether issues are identical for the purposes of issue preclusion occurs "'[o]nly where the two actions promote similar policies . . . .'" Dici v Commw. of Pa., 91 F.3d 542, 551 (1996) (citing Swineford v. Snyder County Pennsylvania, 15 F.3d 1258 (3rd Cir. 1994))

[5] "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

Commission and the Court of Common Pleas hearings. Id. And, plaintiff received a full and fair opportunity to litigate the leave of absence claim during the Commission's proceedings. Accordingly, the present matter appropriately invokes an issue preclusion bar.

### III. Plaintiff has not Alleged Any Facts Asserting Individual Liability under the FMLA

Assuming, arguendo, that plaintiff had filed the instant action within the appropriate statute of limitations, and that plaintiff was not collaterally estopped from asserting an FMLA claim, plaintiff still has failed to allege any individual liability under the FMLA. Thus, plaintiff's complaint must be dismissed as to the individual defendants, Thomas Costello, and Earl Hatcher.

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Accordingly, a plaintiff does not have to "set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). Rather, the plaintiff needs only to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id.

In the instant case, plaintiff never alleges that the two individual defendants violated his rights. Plaintiff merely states that one defendant, Earl Hatcher, distributed a memo that would not allow plaintiff to enter defendants' buildings. See Complaint at ¶ 3. Further, plaintiff does not even mention defendant Thomas Costello by name in the complaint. This hardly gives defendants fair notice of what the plaintiff's claim are and the grounds upon which plaintiff's claims rest. Plaintiff's allegations against the individual defendants are vague at best. Defendants cannot determine what, if anything, the individual defendants did that violated plaintiff's FMLA rights. Thus, because plaintiff has not complied with Federal Rule of Civil

Procedure 8(a), plaintiff's complaint should be dismissed with prejudice with respect to the individual defendants.

**CONCLUSION**

For all of the above reasons, defendants respectfully request, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that this Court dismiss plaintiff's Complaint in its entirety with prejudice with respect to all defendants.

                                                Respectfully submitted,

Dated: August ___, 2002

                                                _____
DANIEL L. GARRY
Deputy City Solicitor
City of Philadelphia Law Department
Labor & Employment Unit
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
(215) 683-5103

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES W. SMITH | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 02-CV-3683 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| PHILADELPHIA PRISONS SYSTEM, | : | |
| THOMAS COSTELLO, and | : | |
| EARL HATCHER | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of defendants' Motion to Dismiss the Complaint, plaintiff's response thereto, and all other papers and proceedings herein, it is ORDERED that plaintiff's Complaint is dismissed in its entirety with prejudice.

BY THE COURT:

_____
STEWART DALZELL, J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES W. SMITH | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 02-CV-3683 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| PHILADELPHIA PRISONS SYSTEM, | : | |
| THOMAS COSTELLO, and | : | |
| EARL HATCHER | : | |
| | : | |
| Defendants. | : | |

**MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure, defendants move the Court to dismiss with prejudice plaintiff's Complaint.

In support thereof, defendants rely upon the information and arguments set forth in the accompanying Memorandum of Law.

Respectfully submitted,

Dated: August ___, 2002

_____
DANIEL L. GARRY
Deputy City Solicitor
City of Philadelphia Law Department
Labor & Employment Unit
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
(215) 683-5103