IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES W. SMITH | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 02-CV-3683 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| PHILADELPHIA PRISONS SYSTEM, | : | |
| THOMAS COSTELLO, and | : | |
| EARL HATCHER | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendants City of Philadelphia, Philadelphia Prison System[1], Thomas Costello, and Earl Hatcher (hereinafter "defendants") submit this Memorandum of Law in support of their Partial Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**STATEMENT OF FACTS**[2]

Plaintiff began his employment with defendants on or about June 25, 1995. See Complaint at ¶ 10. On April 4, 2000, plaintiff requested a leave of absence pursuant to the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 et seq., to care for his

---

[1] Because municipal agencies of the City of Philadelphia do not maintain a separate corporate existence, "all suits growing out of their transactions . . . shall be in the name of the City of Philadelphia." 53 P.S. §16257. Accordingly, federal and state courts routinely dismiss civil lawsuits that name as defendants individual City agencies. See, e.g., Lynch v. City of Philadelphia, 2001 WL 752641, *1 (E.D. Pa. June 29, 2001) (dismissing complaint against Philadelphia Police Department ("PPD")); Zamichieli v. Stott, 1999 WL 447311, *3 (E.D. Pa. July 1, 1999) (same); Lumumba v. Philadelphia Dept. of Human Services, 1999 WL 345501, *4 (May 21, 1999) (dismissing complaint against Philadelphia Department of Human Services ("DHS")).

[2] For purposes of the instant motion to dismiss, the facts alleged in plaintiff's Complaint are deemed true. See Conley v. Gibson, 355 U.S. 41, 45 – 46 (1957).

mother. Id. at ¶ 40. This request was approved by defendants effective April 8, 2000 to May 28, 2000, pending medical certification. Id. However, because plaintiff failed to provide certain medical documentation, and because the documentation that plaintiff submitted contained a physician's notation that FMLA was not applicable, defendants denied plaintiff's FMLA request. Id. at ¶ 41.

On April 10, 2000, plaintiff was informed that his request for FMLA leave was denied and that plaintiff must report to work on May 18, 2000. See Complaint at ¶ 41. On May 17, 2000, one day before plaintiff's return to work, plaintiff requested an additional three-week leave of absence to handle his grandmother's estate, and because plaintiff had been detained by the Philadelphia Police. Id. at ¶ 46. Defendants denied this request. Id.

On May 18, 2000, plaintiff reported for duty, but was instructed by defendants to report to the Internal Affairs Division ("IAD") building for an interview concerning plaintiff's arrest. See Complaint at ¶¶ 44 and 47. When plaintiff arrived at IAD, he was very argumentative and an interview could not be conducted. See Opinion of the Civil Service Commission dated January 19, 2001 attached as Exhibit "A."[3]

Thereafter, instead of reporting to work as instructed, plaintiff left the work site and went to JFK Hospital complaining of stress and a panic attack. See Complaint at ¶ 48. Plaintiff claimed to have notified his immediate supervisor that he was receiving medical attention for this illness. Id. at ¶ 49.

On May 19, 2000, plaintiff claims to have attempted to enter defendants' worksite to present his medical information, but he was not permitted to enter the worksite. See Complaint at ¶ 50. However, even though plaintiff was not allowed to enter the worksite, he was still able

---

[3] Defendants submit that the Court may take judicial notice of this public document generated by the Civil Service Commission.

to met with defendant Hatcher and request additional medical leave. Id. Hatcher then orally advised plaintiff that FMLA forms would be mailed to plaintiff. Id. at ¶ 51.

On May 26, 2000, plaintiff again attempted to enter defendants' worksite to present his medical documentation but he was refused admission. See Complaint at ¶ 53. However, once again, despite being refused admission to defendants' worksite, plaintiff was still able to meet with Hatcher. Id. Hatcher again told plaintiff that the appropriate forms would be mailed. Id.

On June 2, 2000, plaintiff once again attempted to enter defendants' worksite, but he was ejected from the parking lot and issued an Employee Violation for entering prison grounds without permission. See Complaint at ¶ 54. On June 10, 2000, plaintiff received a letter from defendant Costello informing plaintiff that he was separated from employment effective June 9, 2000, for failure to return to work on May 18, 2000, as instructed. Id. at ¶ 55.

Thereafter, plaintiff filed an appeal of his dismissal with the Philadelphia Civil Service Commission. See Exhibit "A." On January 19, 2001, the Commission issued an Opinion regarding plaintiff's separation. The Commission specifically held that:

> "[t]he decision to grant or deny a leave of absence or an extension is within management's authority/discretion. We will not overrule such a determination absent proof of an abuse of this broad power by management. In this case, the appellant had been granted FMLA time for personal reasons in March 2000 and April 2000 and had been prohibited from entering the facility because of what management termed disruptive behavior . . . these decisions were totally within management's control and obviously they decided not to grant the time appellant requested. We will not second-guess the Department under these circumstances. There are certain standards by which we review an exercise of discretion, including the employee's work record, length of service, previous leaves, ability to return to work at his/her former job, etc."

See Exhibit "A." Accordingly, relying upon the record of evidence provided to the Commission at the hearing, the Commission found that plaintiff failed to meet his burden of proof and that management had acted properly in separating plaintiff from employment. Id.

Thereafter, plaintiff filed an appeal of the Commission's decision to the Philadelphia County Court of Common Pleas. On August 28, 2001, the Honorable Flora Barth Wolf issued an Order dismissing plaintiff's appeal and rendering a decision in favor of defendants. See Exhibit "B."[4]

On June 21, 2002, more than two years after defendants dismissed plaintiff, plaintiff filed a complaint in the above captioned matter. Thereafter, on September 18, 2002, plaintiff filed an amended complaint alleging that defendants violated plaintiff's rights under the Family and Medical Leave Act, and retaliated against plaintiff for the exercise of his First Amendment rights. See Complaint at ¶ 1.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the allegations contained in the complaint." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); see generally Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Jenkins v. McKiethen, 395 U.S. 411, 421-22 (1969); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court must determine "whether 'the facts alleged in the complaint, even if true, fail to support the [plaintiff's] claim.'" Kost, 1 F.3d at 183 (quoting Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988)). In order to defeat the motion, the complaint must "'set forth sufficient information to outline the elements of [plaintiff's] claim or to permit inferences to be drawn that these elements exist.'" Kost, 1 F.3d at 183 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1357, at 340 (2d ed. 1990)). However, "[t]he court must only consider those facts alleged in the complaint in considering [the] motion." White v. City of Philadelphia,

---

[4] Defendants submit that the Court may take judicial notice of this public document generated by the Philadelphia Court of Common Pleas.

118 F. Supp. 2d 564, 567 (E.D. Pa. 2000) (citing <u>ALA, Inc. v. CCAIR, Inc.</u>, 29 F.3d 855, 859 (3d Cir. 1994)).

**ARGUMENT**

    I.    **PLAINTIFF'S § 1983 CLAIM (COUNT II) MUST FAIL AGAINST ALL DEFENDANTS BECAUSE THE STATUE OF LIMITATIONS HAS RUN**

Section 1983[5] provides a cause of action for persons deprived of rights, privileges or immunities provided by the United States Constitution. To recover under § 1983 a plaintiff must establish (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of rights, privileges, and immunities protected by the Constitution. 42 U.S.C. § 1983; <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the Supreme Court stated that claims under § 1983 are best characterized as personal injury actions. <u>Id</u> at 279. Accordingly, the Court held that the statute of limitations for the filing of a § 1983 claim is to be determined by the time limitation of the state in which the claim is filed. <u>Id</u> at 266.

In Pennsylvania, the statute of limitations for claims brought under § 1983 is two years. <u>Dibenedetto v. City of Reading</u>, 1998 WL 474145, at * 7 (E.D. Pa. July 16, 1998); <u>Osei-Afriyie v. Med. College of Penn.</u>, 937 F.2d 876 (3d Cir. 1991); 42 Pa.C.S.A. § 5524(7). The limitations period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the [§] 1983 action." <u>Genty v. Resolution Trust Corp.</u>, 937 F.2d 899, 919 (3d Cir. 1991); <u>Perry v. City of Philadelphia</u>, 1999 WL 672640, at *1, n.2 (E.D. Pa. Aug. 17, 1999). Accordingly, dismissal on statute of limitations grounds is appropriate if it is clear from the complaint that the relevant statute of limitations has run. <u>Sameric Corp. of Delaware, Inc. v.</u>

---

[5] 42 U.S.C. § 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the

City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); Gioffre v. Board of Pensions and Retirement, 1999 WL 239410 at *5 (E.D. Pa. Mar. 31, 1999).

Plaintiff asserts that he was subject to a hostile work environment, in violation of his First Amendment rights, from on or about April 23, 1999 through May 18, 2000. Id. at 80. Plaintiff filed the instant action on June 21, 2002. Clearly, plaintiff failed to file his complaint within the applicable statute of limitations. Thus, Count II of the amended complaint should be dismissed with prejudice against all defendants.

**CONCLUSION**

For the above reason, defendants respectfully request, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that this Court dismiss plaintiff's $1983 Count II in its entirety with prejudice with respect to all defendants.

Respectfully submitted,

Dated: October ___, 2002

_____
DANIEL L. GARRY
Deputy City Solicitor
City of Philadelphia Law Department
Labor & Employment Unit
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
(215) 683-5081

---

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress. Id.