IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES W. SMITH, JR.** | : | CIVIL ACTION |
| **Plaintiff** | : | |
| | : | NO. 02-CV-3683 |
| vs. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants** | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE
TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

**I. INTRODUCTION**

This is an action to redress violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C.A. §2601 *et seq.* (Amended Complaint Count I), and retaliation for the exercise of First Amendment rights in violation of 42 U.S.C. §1983 (Amended Complaint Count II). Plaintiff James W. Smith, Jr. is a former employee of the Philadelphia Prison System ("PPS"). Amended Complaint ¶ 9. The Defendants are the City of Philadelphia; Thomas Costello, its Commissioner of Prisons; and Earl Hatcher, a Deputy Commissioner of Prisons. Amended Complaint ¶¶ 4-8.

Defendants move to Dismiss Count II of the Amended Complaint pursuant to Rule 12(b)(6), F.R.Civ.P., on grounds that it is barred by the two year statute of limitations applicable to claims under 28 U.S.C. § 1983. Plaintiff's original *pro se* Complaint was submitted to the clerk of the court within the two years after he became aware of the termination of his City employment. Consequently, Plaintiff's claim that his discharge was retaliatory was brought within the applicable statute of limitations. The other averments of Count II are either actionable under the continuing violation doctrine, or represent relevant background information.

1

## II. STANDARD FOR DETERMINING MOTION

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them, after construing them in the light most favorable to the non-moving party. *Rossman v. Fleet Bank N.A.*, 280 F. 3d 384, 387 n.1 (3d Cir. 2002); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). Matters beyond the scope of the complaint may not be considered unless they qualify for judicial notice under Rule 201(b), F.R.Evid.. *In re: Warfarin Sodium Antitrust Litigation*, 214 F.3d 395, 398 (3d Cir. 2000). A case may not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiffs' cause of action. *Nami*, 82 F.3d at 65; *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002).

If it is clear from the face of the complaint that a statute of limitations has expired, dismissal under Rule 12(b)(6) is appropriate. *Clark v. Sears, Roebuck & Co.*, 816 F. Supp. 1064, 1067 (E.D. Pa. 1993).

### III. STATEMENT OF FACTS

After settling a prior federal civil rights action against the City of Philadelphia, and Philadelphia Prison System managers (*"Smith I"*) in April, 1999, Plaintiff, who had recently been promoted to the position of Sergeant, was harassed by a group of employees on his shift because of the civil rights litigation. Amended Complaint ¶¶ 22-26. Plaintiff complained about this harassment to managers, who did nothing, or blamed Plaintiff for the problem. *Id.* ¶¶ 27-34. On December 9, 1999, Plaintiff made a complaint about the harassment to Philadelphia's internal Equal Employment Opportunity ("EEO") Unit alleging that he was being subjected to harassment and discrimination. *Id.* ¶ 35. On December 13, 1999, the coworkers who were harassing Plaintiff made a false accusation of sexual harassment against him. *Id.* ¶¶ 36-37. PPS management seized upon this complaint as a pretext to retaliate against Plaintiff for his protected activity in litigating *Smith I* and/or submitting his EEO complaint, and complaints to management regarding harassment by his coworkers and supervisors because of his prior protected activity. *Id.* ¶ 38. Defendant Costello demoted Plaintiff and imposed a 30 day suspension. *Id.* ¶ 39. Defendants Costello and Hatcher and/or other PPS management personnel, spread false rumors regarding Plaintiff, instigated and/or condoned harassment of Plaintiff by co-workers and subordinates, undermined Plaintiff's authority as a supervisor, and singled out Plaintiff for unfair and uncharacteristically harsh disciplinary action, to retaliate against Plaintiff for his protected activity in filing a prior civil rights action to redress employment discrimination and/or for complaining to management regarding harassment by fellow workers because of his prior civil rights litigation. *Id.* ¶ 78.

While serving his suspension, Plaintiff made a requests for FMLA leave, which was denied, and Plaintiff was notified to report for duty not later than May 18, 2000. *Id.* ¶¶ 40-42. On May 15, 2000 Plaintiff was incarcerated on a rape charge, which was subsequently reduced to

aggravated indecent assault, and he was tried and found not guilty. *Id.* ¶¶ 43, 57. On May 17, 2000 Plaintiff submitted a request for personal leave until June 8, 2000, which was denied. *Id.* ¶ 46.

On May 18, 2000 Plaintiff reported to PPS Internal Affairs for an interview, as instructed, prior to reporting to his job location. *Id.* ¶ 47. The PPS Internal Affairs interview was so stressful that Plaintiff suffered a panic attack, and went to JFK Hospital for medical treatment, after notifying PPS management that he was sick. *Id.* ¶¶ 48-49. When he returned to work later that day to present the JFK medical excuse, Plaintiff was not permitted to enter the worksite. Plaintiff met with Defendant Hatcher, and orally requested medical leave. Hatcher advised Plaintiff that forms for requesting FMLA leave would be mailed to him, but the forms were not received. *Id.* ¶¶ 50-51. On May 26, 2000 Plaintiff again attempted to visited the worksite to present medical documentation requesting a FMLA medical leave. He was again refused admission; Defendant Hatcher again informed him that the appropriate forms would be mailed to him; and again the forms were not received. *Id.* ¶ 53. On June 2, 2000, Plaintiff again attempted to visit the worksite to submit a request for medical leave, and he was ejected from the parking lot and issued an Employee Violation Report for entering prison grounds without permission. *Id.* ¶ 54.

On or after June 10, 2000, Plaintiff received a letter from Defendant Costello dated June 9, 2000, informing him that he was being separated from employment for failure to return to work on May 18, 2000 as instructed. *Id.* ¶ 55. Defendant Costello terminated Plaintiff's employment to retaliate against Plaintiff for his protected activity in litigating *Smith I* and/or submitting his EEO complaint, and complaints to management regarding harassment by his coworkers and supervisors because of his prior protected activity. *Id.* ¶ 56.

4

## IV. ARGUMENT

### A. Plaintiff's Claim of Retaliatory Employment Termination Was Filed Within the Applicable Limitations Period

In Pennsylvania, claims brought under 42 U.S.C. § 1983 are subject to the two-year limitation period applicable to personal injury actions under state law. See *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The limitations period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the [§] 1983 action." *Gentry v. Resolution Trust Corp.*, 937 F.2d 899 (3d Cir. 1991).

Since Plaintiff became aware of the termination of his employment on or after June 10, 2000, (Amended Complaint ¶ 55), the last date for filing a § 1983 claim based upon this employment termination would be June 10, 2002.[1]

On June 10, 2002, Plaintiff submitted his Complaint to the clerk of the United States District Court for the Eastern District of Pennsylvania, along with his motion to proceed *in forma pauperis*. His Complaint was docketed on June 21, 2002, after his Motion to proceed *in forma pauperis* was granted. When a complaint is not "filed" until after the statute of limitations runs, but is "submitted" to the clerk before the statute runs, the formal filing of the complaint relates back to the date of submission. *McDowell v. Delaware State Police, 88 F.3d 188* (3d Cir. July 5, 1996); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 n. 8 (3d Cir. 1996). Consequently, Plaintiff's claim that Defendants terminated his employment in retaliation for his protected activity falls within the applicable two year statute of limitations.

---

[1] Even if Plaintiff had been informed of his termination on June 9, 2000, under Rule 6(a), F.R.Civ.P., the deadline for filing an action would be June 10, 2002, because June 9, 2002 fell on a Sunday.

5

### B. The Other Allegations of Count II Aver Actionable Claims Under the Continuing Violation Doctrine or Relevant Background Information

The Amended Complaint alleges that Defendants Costello and Hatcher and/or other PPS management personnel, spread false rumors regarding Plaintiff, instigated and/or condoned harassment of Plaintiff by co-workers and subordinates, undermined Plaintiff's authority as a supervisor, and singled out Plaintiff for unfair and uncharacteristically harsh disciplinary action, to retaliate against Plaintiff for his protected activity in filing a prior civil rights action to redress employment discrimination and/or for complaining to management regarding harassment by fellow workers because of his prior civil rights litigation. Amended Complaint ¶ 78.

The allegations pertaining to harassment may be actionable under the continuing violation doctrine. Under this doctrine, a federal cause of action based upon the defendant's continuing conduct is timely if the last act of that continuing conduct is within the statutory period. *See, e.g. Sameric, supra,* 142 F.3d at 599 (applying the continuing violation analysis in the context of a § 1983 claim). To benefit from the continuing violations doctrine, a plaintiff must demonstrate that (1) there was at least one violation during the statutory period; and (2) the defendants' conduct is "more than the occurrence of isolated or sporadic acts." *West v. Phila. Elec. Co.,* 45 F.3d 744, 754-55 (3d Cir. 1995).

In *Nat'l R.R. Passenger Corp. v. Morgan, 122 S. Ct. 2061, 2070-71, 2077 (2002)* the Supreme Court made it clear that the continuing violation doctrine does not extend the limitations period for discrete discriminatory or retaliatory acts, even if there are instances of related conduct within the statutory period. It applies only where the violation itself is of a continuing nature, such as a claim for harassment or "hostile work environment". *Id.* 122 S.Ct. at 2077. *See, also, Rush v. Scott Specialty Gases, Inc.,* 113 F.3d 476, 482, 481 (3d Cir. 1997) (making the same distinction

*prior to Nat'l R.R.*); *Estrada v. Trager*, 2002 U.S. Dist. LEXIS 17342 (following and explaining *Nat'l R.R.*.

In addition, evidence of past illegal conduct may constitute relevant background information to shed light upon the employer's current practices or motivation, even if that conduct is no longer actionable under the applicable statute of limitations. See, *Nat'l R.R.*, 122 S.Ct. at 2072; *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977).

In the context of the present Motion to Dismiss under Rule 12(b)(6) it is not necessary or appropriate to sort out those allegations of Count II which state causes of action and those which are merely background. Defendants' Motion asks only that Count II of the Amended Complaint be dismissed "in its entirety" (Defendant's proposed form of Order), and that request must be denied.

## V. CONCLUSION

For the reasons set forth above, Defendants' Motion should be denied.

Respectfully submitted,

_____
SHARON K. WALLIS
640 Rodman Street
Philadelphia, PA 19147
  (215)923-6170
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Sharon K. Wallis, Attorney for Plaintiff, hereby certify that on this 14th day of November, 2002, I caused a true and correct copy of the foregoing Response to Partial Motion to Dismiss to be served upon counsel for Defendant City of Philadelphia by United States Mail, first class postage prepaid, addressed as follows:

>Daniel L. Garry, Esq.
>City of Phila. Law Department
>One Parkway
>1515 Arch St.
>Phila. PA 19102-1595

                                                _____
                                                SHARON K. WALLIS
                                                November 14, 2002