(d) It is well-settled that the statute of limitations for a claim under section 1983 is two years, Wilson v. Garcia, 471 U.S. 261 (1985) (holding that a federal court must borrow the statute of limitations of the forum state for a personal injury claim); Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (applying two year statute of limitations, the statute of limitations in Pennsylvania for personal injury claims, see 42 Pa. C.S.A. § 5524(2), to Section 1983 claim);

(e) Nevertheless, accepting the facts alleged in the amended complaint as true, and all reasonable inferences that can be made from them, we cannot say beyond a doubt that the Section 1983 claim in Count II is untimely[2];

(f) The amended complaint alleges that Smith's termination, which he complains was in retaliation for the exercise of his protected First Amendment rights, was effected by letter dated June 9, 2000 and received by him the next day; and

---

[1](...continued)
allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

[2] For a Section 1983 claim, we borrow the state personal injury statute of limitations, as well as the rules of accrual. Hardin v. Straub, 490 U.S. 536, 538-39 (1989); Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). In Pennsylvania, the statute of limitations begins to accrue "'as soon as the right to institute and maintain a suit arises,'" which for a personal injury claim is the date that the injury giving rise to the suit is sustained. Bradley v. Ragheb, 633 A.2d 192, 194 (Pa. Super. 1993) (quoting Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983)).